UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LUXURYBEACHFRONTGETAWAY.COM, INC., VIRGINIA GRIECO and DEBBIE NEIHOFF,

Plaintiffs,

– *v.* –

THE TOWN OF RIVERHEAD, NEW YORK and JAMES CZORNY,

Defendants.

**2:17-cv-04783 (SJF)(SIL)**

**MEMORANDUM OF LAW**
**IN SUPPORT OF**
**DEFENDANT JAMES CSORNY's**
**MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(b)(6)**

**PATRICIA ROONEY, P.C.**
*Attorneys for Defendant James Csorny*
394 South 15 Street
Lindenhurst, NY 11757
(631) 592-4405

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........ ii

PRELIMINARY STATEMENT ........ 1

STATEMENT OF FACTS ........ 2

ARGUMENT ........ 5

I. DISMISSMAL IS WARRANTED BECAUSE THE COMPLAINT FAILS TO SATISFY THE FACIAL PLAUSABILITY STANDARD SET FORTH IN *ASHCROFT V. IQBAL* ........ 5

II. PLAINTIFFS LACK STANDING TO REDRESS ANY ALLEGED VIOLATIONS OF NYSHRL SECTION 296 BECAUSE PLAINTIFFS ARE NOT WITHIN THE ZONE OF INTEREST PROTECTED BY THE STATUTE ........ 6

III. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR HOUSING DISCRIMINATION PURSUANT TO NYSHRL SECTION 296(5)(a). ........ 8

IV. PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR HOUSING DISCRIMINATION PURSUANT TO NYSHRL SECTION 296(6). ........ 10

CONCLUSION ........ 11

# TABLE OF AUTHORITIES

## Federal Cases

*Ashcroft v. Iqbal*, 566 U.S. 662 (2009) ....................5, 6, 10

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................5, 6

*Broome v. Biondi*, 17 F. Supp. 2d 211 (S.D.N.Y. 1997) .................... 9

*Elmowitz v. Executive Towers at Lido, LLC*, 571 F. Supp. 2d. 370 (E.D.N.Y. 2008). ...........10, 11

*Kaufman v. Columbia Mem. Hosp.*, 2 F. Supp. 3d 265 (N.D.N.Y. 2014) ....................11

## State Cases

*Chapman v. 2 King Street Apts. Corp.*, Index No. 116511/2014, 806 N.Y.S.2d 444, 2005 N.Y. Slip. Op. 51294 at *12 (Sup. Ct. New York Co. Aug. 12, 2005)....................8

*Dunn v. Fishbein*, 123 A.D.2d 659, 507 N.Y.S.2d 29 (2d Dep't 1986) ....................6, 7

*Emil v. Dewey*, 66 A.D.2d 758, 411 N.Y.S.2d 865 (1st Dep't 1978) ....................8

*Goldin v. Engineers Country Club*, 54 A.D.3d 658, 864 N.Y.S.2d 43 (2d Dep't 2008) ....................11

*Hardwick v. Auriemma*, 116 A.D.3d 465, 983 N.Y.S.2d 509 (1st Dep't 2014) ....................11

*Matter of District Attorney of Suffolk County,* 58 N.Y.2d 436, 461 N.Y.S.2d 773 (1983)....................7

*New York Hearing Aid Soc. v. Children's Hosp. and Rehab. Ctr. of Utica,* 91 A.D.2d 333, 458 N.Y.S.2d 663(2d Dep't 1983) (*per curiam*), *appeal dismissed,* 59 N.Y.2d 915, 466 N.Y.S.2d 318 (1983)....................6

*New York State Div. of Human Rights v. Caprarella*, 82 A.D.2d 3d 773, 917 N.Y.S.2d 704 (2d Dep't 2011);....................9

*Strauss v. New York State Dep't. of Educ.*, 26 A.D.3d 67, 805 N.Y.S.2d 704 (3d Dep't 2005).....11

*Young v. Carruth*, 89 A.D.2d 466, 455 N.Y.S.2d 776 (1st Dep't 1982) ....................8, 10

*Yusin v. Saddle Lakes Home Owners Ass'n, Inc.*, Index No. 05860/2013, 48 N.Y.S.3d 268, 2016 N.Y. Slip Op. 51592 at ** 5, 7 (Sup. Ct. Suffolk Co. Sept. 15, 2016) ....................8

**State Statutes**

N.Y. Exec. Law § 296 ........................................................................................................ *passim*

**Court Rules**

Fed. R. Civ. P. 8(a)(2) ..........................................................................................................5

Fed. R. Civ. P. 12(b)(6) ........................................................................................................5

/Volumes/PR Law/!!PRPC/1501-01/Motions/Dismiss/2017 10 23 Part 1 MOL Final.docx

**MEMORANDUM OF LAW**

Defendant James Csorny,[1] by and through his attorneys Patricia Rooney, P.C., respectfully submits this Memorandum of Law in support of his Motion to Dismiss plaintiffs LuxuryBeachfrontGetaway.com, Inc.'s, Virginia Grieco's and Debbie Neihoff's complaint[2] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted.

**PRELIMINARY STATEMENT**

In this action, plaintiffs attempt to invoke, among other things, the protections of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law Sections 296(5)(a) and 296(6), which were created to prevent and make illegal discrimination in housing by owners of housing accommodations and their agents. In doing so, plaintiffs distort the provisions of these laws and stretch their reach far beyond where they were intended.

This case was brought by the individual plaintiffs, a same sex couple, and the corporation they own, to redress alleged violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq*. ("FHA"), the United States Constitution and the NYSHRL against defendants the Town of Riverhead ("Town") and James Csorny ("Mr. Csorny"), a homeowner who lives adjacent to the individual plaintiffs (the Town and Mr. Csorny are collectively referred to as, "Defendants").

The gravamen of the complaint is that a criminal law enacted by the Town as part of the Town Code, in particular Sections 263-3 and 263-4D (the "2013 Law"), violates the FHA, the U.S. Constitution and the NYSHRL. The 2013 Law regulates short-term residential rentals by, among other things, prohibiting rental or assistance of a rental of residential homes for less than 29 nights.

According to plaintiffs, the violations arose from the Town's alleged denial or withholding of housing accommodations based on the individual plaintiffs' sexual orientation, gender, marital status and familial status in violation of the NYSHRL. Plaintiffs also claim that Mr. Csorny, acting

---

[1] Mr. Csorny is incorrectly named in this action as James "Czorny."

[2] A copy of the Summons, dated September 11, 2017, and complaint, dated August 16, 2017 (the "Complaint"), is annexed to the Affirmation of Patricia A. Rooney, dated October 23, 2017 (the "Rooney Aff."), submitted in support of the instant motion.

as the Town's agent, participated in this discrimination and, in doing so, he violated the NYSHRL (Count Three) or aided and abetted the Town's violation of the NYSHRL (Count Four).

Simply stated, and accepting the allegations in the Complaint to be true for purposes of this motion, plaintiffs' allegations are insufficient to state a claim under either section of the NYSHRL relied on by plaintiffs for several reasons. First, plaintiffs lack standing to assert claims under NYSHRL Section 296. Plaintiffs are not within the "zone of interest" protected by the statute because Defendants are not any of the persons or entities prohibited from discriminating in housing accommodations pursuant to the statute.

Next, Defendants are not subject to the section of the NYSHRL relied upon by plaintiffs in Count Three, i.e., Section 296(5)(a), because plaintiffs have not and cannot allege that either defendant is an "owner, lessee, sub-lessee, assignee, or managing agent of, or other person having the right to sell, rent or lease a housing accommodation … or any agent or employee thereof." *See* Comp. ¶¶ 90-95, Ex. "A."

Next, even assuming *arguendo* one accepts plaintiffs' allegation that Mr. Csorny was acting as the Town's agent, the Town does not own nor does it have an interest in any of the nine houses at issue in this action. Because there are no allegations in the Complaint that the Town owns or leases any of the nine houses, it logically follows that the Town never could never have denied or withheld any housing from the plaintiffs.

Finally, because it is impossible for the Town to deny or withhold housing from the plaintiffs, Mr. Csorny certainly could not have aided or abetted any of the Town's alleged discriminatory conduct.

Accordingly, because Plaintiffs have failed to state a claim for housing discrimination pursuant to NYSHRL against defendant Mr. Csorny, Mr. Csorny respectfully requests that the Court grant his motion in its entirety and dismiss Counts Three and Four of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

**STATEMENT OF FACTS**

Plaintiffs Virginia Grieco ("Grieco") and Debbie Neihoff ("Neihoff") are a same sex married

couple who reside in Wading River, New York which is located in the Town. *See* Compl. ¶ 2, annexed to Rooney Aff., Ex. "A."[3] The two women collectively own plaintiff LuxuryBeachfrontGetaway.Com, Inc. ("LBG") (LBG, Grieco and Neihoff are collectively referred to as, "Plaintiffs"). *See id.* Mr. Csorny, also a resident of Wading River, lives with his wife in a home adjacent to property owned by Grieco and Neihoff. *See id.* ¶ 4.

Starting in 2008, Plaintiffs began to rent and manage nine residential houses located in Wading River on Creek Road, all of which are located in the Town. *See id.* ¶¶ 13 - 14. Plaintiffs have admitted they have no ownership interest in seven of those house because those seven houses are owned by third parties and not by the Plaintiffs. *See id.* ¶ 13. With respect to the other two houses managed and rented by Plaintiffs, i.e., the houses located at 70 and 224 Creek Road, Wading River, Plaintiffs allege a "partial ownership interest." *See id.* ¶ 14.

According to Plaintiffs, short-term rentals are highly regulated by the Town. *See id.* ¶ 21. Plaintiffs allege that the houses at issue have the necessary permits and certificates "required for legal renting" including "valid and current certificates of occupancy" and that they have passed inspections by the Town. *See id.* ¶ 22.

Plaintiffs further allege that, because LBG is allegedly licensed as a "hotelier," LBG is exempt from the Town Code's prohibition against short term rentals pursuant to Town Code Section 263-4(d)(2). *See id.* ¶ 23. Plaintiffs also allege that, pursuant to Town Code Section 263-5(G), "no rental permits are required" although they claim they obtained such permits in "an abundance of caution." *See id.*

This action was commenced on September 11, 2017 to redress various alleged acts of housing discrimination under federal and New York law. The first two claims of the Complaint, a FHA claim and a claim alleging the unconstitutionality of the 2013 Law under the void for vagueness doctrine, are brought solely against the Town and not against Mr. Csorny.

The third claim, however, is brought against both Defendants. In that claim, Plaintiffs allege

---

[3] For purposes of this Rule 12(b)(6) motion, the allegations in the Complaint are accepted as true.

that Defendants committed an unlawful discriminatory practice in violation of NYSHRL Section 296(5)(a) by "den[ying] or with[holding] housing accommodations from" the two individual plaintiffs because of their "sexual orientation, sex, marital status and familial status." *See id.* ¶¶ 92–93. Plaintiffs further allege that the Town, "through its agents and officers, has made comments concerning [the individual plaintiffs'] status as women, as lesbians, and as partners in same-sex marriage" demonstrative of the "animus" against the individual plaintiffs on the basis of the same criteria listed in the prior sentence. *See id.* ¶ 94.

In the fourth claim brought solely against Mr. Csorny, Plaintiffs allege that Mr. Csorny committed an unlawful discriminatory practice in violation of NYSHRL Section 296(6)(a) by "aiding, den[ying] or with[holding] housing accommodations from" the individual plaintiffs because of their "sexual orientation, sex, marital status and familial status." *See id.* ¶¶ 92 – 93. The gist of this claim is that Mr. Csorny, allegedly acting as the Town's agent, "den[ied] and/or with[eld] housing accommodations" from the individual plaintiffs, i.e., Grieco and Neihoff, by:

- engaging "in a pattern of harassment, annoyance, alarm and intimidation against [the individual] plaintiffs, including by verbal abuse, trespassing onto their property, taking photographs of them, their property, and their guests, shining flash lights in their windows, and making them fear for their safety." *See id.* ¶ 99.
- swerving "his vehicle towards Grieco's oncoming vehicle, threatening her, and her passenger, with imminent physical danger." *See id.* ¶ 100.
- in response to a police investigation, stating that "he was acting under the authority of the Town … which had instructed him to take pictures of license plates, garbage can structure boxes, and other items in and around [the individual plaintiffs'] properties. *See id.* ¶ 104.
- admitting "to police that he, and his wife Amy, were taking cell phone pictures of vehicles in driveways on Plaintiffs' property." *See id.* ¶ 105.
- making "derogatory comments about Lesbians who have resided at Plaintiffs'' property as participants in a Lesbian Wedding." *See id.* ¶ 106.
- "on information and belief, vandaliz[ing] Plaintiffs' properties, including by ripping down and absconding with certain of the "Gay Pride" rainbow flags adorning Plaintiffs' properties." *See id.* ¶ 107.
- filing "multiple false police reports against Plaintiffs, including assertions of violations of the Town Code, despite his knowledge that Plaintiffs are hoteliers under the Town Code and allegedly are exempt from the prohibitions against short term and transient rentals …." *See id.* ¶ 108.

## ARGUMENT

## POINT I

## DISMISSAL IS WARRANTED BECAUSE THE COMPLAINT FAILS TO SATISFY THE FACIAL PLAUSABILITY STANDARD SET FORTH IN *ASHCROFT V. IQBAL*

Pursuant to Fed. R. Civ. P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 566 U.S. 662, 677 -78 (2009). Although a complaint does not need to contain "detailed factual allegations" to survive a Rule 12(b)(6) motion, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a plaintiff must plead facts sufficient "'to state a claim for relief that is plausible on its face,'" *id*. (quoting *Twombly*, 550 U.S. at 570), "rais[ing] [the] right to relief above the speculative level," *Twombly*, 550 U.S. at 555, and precluding those claims that cannot be "nudged ... across the line from conceivable to plausible." *Id.* at 570.

The determination of whether a complaint is "plausible on its face" is a "context-specific task." *Iqbal*, 566 U.S. at 679. A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). Rather than being akin to a "probability requirement," the "plausibility standard … asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557). Thus, where a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Finally, although a court must take factual allegations to be true and draw all reasonable inferences in plaintiff's favor, this principle does not apply to "legal conclusions." *Iqbal*, 566 U.S.

at 678 (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation" in the context of a motion to dismiss).

Accordingly, because Plaintiffs have pled nothing more than facts that are consistent with Mr. Csorny's liability or "legal conclusions" which are not entitled to be accepted as true, the Court should grant Mr. Csorny's motion as Plaintiffs' Complaint has stopped far "short of the line between possibility and plausibility of 'entitlement to relief.'" *See id.* (quoting *Twombly*, 550 U.S. at 557).

## POINT II

## PLAINTIFFS LACK STANDING TO REDRESS ANY ALLEGED VIOLATIONS OF NYSHRL SECTION 296 BECAUSE PLAINTIFFS ARE NOT WITHIN THE ZONE OF INTEREST PROTECTED BY THE STATUTE

To have standing to assert their claims pursuant to NYSHRL Section 296, Plaintiffs "must demonstrate that they have suffered an injury and that they fall within a zone of interest which the statute protects." *See Dunn v. Fishbein*, 123 A.D.2d 659, 660, 507 N.Y.S.2d 29, 31 (2d Dep't 1986) (citing *Matter of District Attorney of Suffolk County,* 58 N.Y.2d 436, 442, 461 N.Y.S.2d 773, 776 (1983); *New York Hearing Aid Soc. v. Children's Hosp. and Rehab. Ctr. of Utica,* 91 A.D.2d 333, 334, 458 N.Y.S.2d 663, 664 (2d Dep't 1983) (*per curiam*), *appeal dismissed,* 59 N.Y.2d 915, 466 N.Y.S.2d 318 (1983)). Regarding the "zone of interest" protected by NYSHRL Section 296(5)(a)(1), the statute provides that "[i]t shall be an unlawful discriminatory practice for the owner … or managing agent of, or other person having the right to … rent or lease a housing accommodation … or any agent or employee thereof: (1) To refuse to … rent, lease … such a housing accommodation because of the race [and/or] color … of such person or persons.'" *See Dunn*, 123 A.D.2d at 660, 507 N.Y.S.2d at 31 (quoting N.Y. Exec. Law § 296(5)(a)(1)).

In *Dunn,* one of the plaintiffs, Robert Dunn, who was white, visited defendants' apartment building and attempted to rent a two-bedroom apartment. *See id.* at 659, 507 N.Y.S.2d at 30. When Dunn came back to look at an available apartment a month later, defendant-owner's superintendent

told him that blacks were not allowed "in the building, either as tenants or visitors." *Id.* When Dunn informed the superintendent that his roommate Curtis Pugh, another plaintiff, was black, the superintendent refused to accept a rental application from Dunn. *Id.* Subsequently, several other plaintiffs, white employees of an antidiscrimination organization, visited the building as "testers" on behalf of Dunn and Pugh and a similar result occurred. *Id.*

The Appellate Division Second Department, in its discussion of standing, explained:

> To have standing the plaintiffs must demonstrate that they have suffered an injury and that they fall within a zone of interest which [NYSHRL 296] protects .... As to the element of injury …, the defendants knew that Dunn was seeking a housing accommodation for himself and his roommate and the discriminatory practice followed Dunn's disclosure that his roommate was black. If the allegations of their complaint were established at trial, a jury could find that both Dunn and his roommate Pugh were injured by the defendants who were motivated by racial bias. The fact that Dunn is a Caucasian is of no relevance.
> *Id*. at 660, 507 N.Y.S.2d at 30.

In contrast, the Plaintiffs in the present case, unlike plaintiffs Dunn and Pugh in *Dunn*, do not have standing because they cannot demonstrate that they fall within the zone of interest protected by NYSHRL Section 296 because the statute's reach is explicitly limited to defendants who are owners, managing agents and/or employees thereof who refuse to rent or sell housing because of a person's membership in a protected class. While the individual plaintiffs in the present case, i.e., Grieco and Neihoff, may belong to a protected class, neither of them were ever denied housing by a person or entity within the reach of Section 296 quite simply because neither defendant is such a person or entity. Thus, that the individual plaintiffs in the present case may be members of a protected class is irrelevant to an analysis of whether they have standing under Section 296 because the Plaintiffs have not alleged, and it is impossible for them to allege, that the defendant Town and defendant Mr. Csorny, unlike the superintendent in *Dunn* who was an employee of the defendant-owner, are within the statute's purview. *Compare Dunn*, 123 A.D.2d at 659-60, 507 N.Y.S.2d at 30.

Therefore, because Plaintiffs do not fall within the "zone of interest" protected by the

statute this Court should dismiss the Third Count of the Complaint based on standing.

**POINT III**

**PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR HOUSING DISCRIMINATION PURSUANT TO NYSHRL SECTION 296(5)(a)**

Section 296(5)(a) of the NYSHRL provides, in relevant part, that it is an "unlawful discriminatory practice for the owner, lessee, … or managing agent of, or other person having the right to … rent or lease a housing accommodation, … or any agent or employee thereof:

> (1) To refuse to … rent or lease or otherwise to deny to or withhold from any person or group of persons such a housing accommodation because of … sexual orientation, … sex, marital status, or familial status of such person or persons….
>
> (2) To discriminate against any person because of … sexual orientation, … sex, marital status, or familial status in the terms, conditions or privileges of the … rental or lease of any such housing accommodation ....

By its own terms, NYSHRL only acts to proscribe an owner, lessee, assignee, managing agent and their employees and/or agents from discriminating against a person in the sale or rental of a housing accommodation and it is well-established that the statute has no application to persons who do not fall into one of those categories. *See, e.g., Young v. Carruth*, 89 A.D.2d 466, 468, 455 N.Y.S.2d 776, 778 (1st Dep't 1982) (NYSHRL has no application to "persons who do not stand substantially in the relationship of landlord and tenant."); *Emil v. Dewey*, 66 A.D.2d 758, 759, 411 N.Y.S.2d 865, 865 (1st Dep't 1978) (affirming dismissal of claim brought against members of a board of directors pursuant to NYSHRL Section 296(5)(a), explaining that, unlike owners and lessees, board members are not one of the categories of persons/entities that may be liable under the statute); *Chapman v. 2 King Street Apts. Corp.*, Index No. 116511/2014, 806 N.Y.S.2d 444, 2005 N.Y. Slip. Op. 51294 at *12 (Sup. Ct. New York Co. Aug. 12, 2005) (unreported decision) (dismissing claim against individual members of co-op board brought pursuant to NYSHRL Section 296(5)(a) noting the NYSHRL, "by its terms, only acts to proscribe owners or an owner's agent from discriminating against a … person in the sale or rental of such [housing] accommodation); *Yusin v. Saddle Lakes Home Owners Ass'n,* Index No. 05860/2013, 48 N.Y.S.3d 268, 2016 N.Y. Slip Op. 51592 at ** 5, 7 (Sup. Ct. Suffolk Co. Sept. 15, 2016) (holding that,

because "a home owners association and its board of managers do not own, lease, sub-lease, assign or act as managing agent of a property," the provisions of NYSHRL Section 296(5)(a) do not apply).

To establish a *prima facie* case of housing discrimination pursuant to NYSHRL Section 296, plaintiff must "demonstrate that he or she is a member of protected class and that he or she applied for and was qualified to rent housing which was denied to him or her under circumstances which give rise to an inference of unlawful discrimination." *New York State Div. of Human Rights v. Caprarella*, 82 A.D.2d 3d 773, 774, 917 N.Y.S.2d 704, 706 (2d Dep't 2011); *see also Broome v. Biondi*, 17 F. Supp. 2d 211, 216 (S.D.N.Y. 1997).

In the present case, Plaintiffs allege that defendants committed an unlawful discriminatory practice in violation of NYSHRL Section 296(5)(a) by "den[ying] or with[holding] housing accommodations from" the two individual plaintiffs because of their "sexual orientation, sex, marital status and familial status." *See Compl.* ¶¶ 92–93, annexed to the Rooney Aff. as Ex. "A." According to Plaintiffs, the Town, "through its agents and officers, … made comments concerning [the individual plaintiffs'] status as women, as lesbians, and as partners in same-sex marriage." *See id.* ¶ 94. Plaintiffs then claim that these comments are "demonstrative of [defendants'] "animus" against the individual plaintiffs" based on their sexual orientation, sex, marital status and familial status." *See id.*

Although Plaintiffs do not mention Mr. Csorny by name in Count Three, presumably the Plaintiffs attempt to hold Mr. Csorny liable for violating NYSHRL Section 296(5)(a) because he is an alleged agent of the Town. However, Plaintiffs fail to incorporate any factual allegations supporting their claim that Mr. Csorny is an agent of the Town and, even assuming *arguendo* such is the case, the Town is not a person or entity that can be held liable under NYSHRL Section 296(5)(a).

Notably, Plaintiffs completely ignore the fact that NYSHRL Section 296(5)(a) is inapplicable to the Town because the Town is not a person / entity within the purview of the statute

- that is an owner, lessee, sub-lessee, assignee, or managing agent or other person having the right to sell, rent or lease a housing accommodation. *See Young*, 89 A.D.2d at 468, 455 N.Y.S.2d at 776 (explaining it is doubtful that NYSHRL Section 296(5)(a) "has any application to persons who do not stand substantially in the relationship of landlord and tenant"). That the Plaintiffs may be members of a protected class is irrelevant to their claim absent an allegation in the Complaint that the Plaintiffs themselves applied to the Town to rent housing accommodations and that the rental of such housing was denied by the Town.

Instead, Plaintiffs make meritless statements that the actions of the Town, "through its agents and officers,' are willful and intentional, and in direct violation of the NYSHL entitling them to damages. *See* Compl. ¶¶ 94-95, annexed to the Rooney Aff. as Ex. "A." This vague assertion by Plaintiffs provides absolutely no basis for establishing that Plaintiffs are entitled to the requested relief. The Complaint is simply not plausible on its face and does not allow the Court to draw a reasonable inference that Mr. Csorny is liable for housing discrimination under the statute. *See Iqbal*, 566 U.S. at 678.

In view of the foregoing, Plaintiffs' Third Claim in the Complaint for housing discrimination pursuant to NYSHRL Section 296(5)(a) against Mr. Csorny should be dismissed as Plaintiffs have failed to set forth any facts that would satisfy the pleading requirements to prove the essential elements of this claim.

## POINT IV

## PLAINTIFFS HAVE FAILED TO STATE A CLAIM FOR AIDING AND ABETTING HOUSING DISCRIMINATION PURSUANT TO NYSHRL SECTION 296(6)

NYSHRL Section 296(6) prohibits any person from aiding, abetting, inciting, compelling or coercing "the doing of any of the acts" that are forbidden under the NYSHRL, or "to attempt to do so." A person who actually participates in the conduct giving rise to the discrimination claim may be held individually liable under the NYSHRL. *Elmowitz v. Executive Towers at Lido, LLC*, 571 F. Supp. 2d. 370, 377 (E.D.N.Y. 2008). However, a plaintiff has to allege more than that the individual was involved in the discrimination, plaintiff has to allege specific facts to render the

claim plausible. *Id*.

Where no violation of the NYSHRL by another party has been established, an individual cannot be held liable for aiding or abetting a violation. *See, e.g.*, *Kaufman v. Columbia Mem. Hosp.*, 2 F. Supp. 3d 265, 280 (N.D.N.Y. 2014). In addition, where the individual's own actions give rise to the discrimination claim, such individual "cannot also be liable for aiding and abetting." *See, e.g., Hardwick v. Auriemma*, 116 A.D.3d 465, 468, 983 N.Y.S.2d 509, 512-13 (1st Dep't 2014); *Goldin v. Engineers Country Club*, 54 A.D.3d 658, 660, 864 N.Y.S.2d 43, 46 (2d Dep't 2008) (dismissing action commenced pursuant to NYSHRL because an individual cannot be held to have aided or abetted his own actions); *Strauss v. New York State Dep't. of Educ.*, 26 A.D.3d 67, 73, 805 N.Y.S.2d 704, 709 (3d Dep't 2005) (same).

Plaintiffs' claim against Mr. Csorny for aiding and abetting housing discrimination pursuant to NYSHRL Section 296(6) fails on its face for two reasons. First, as discussed in Point III above, Plaintiffs have failed to allege any factual support to make a housing discrimination claim against the Town and/or Mr. Csorny as Plaintiffs cannot establish a violation of NYSHRL Section 296(5)(a) against Defendants. Since there is no underlying discrimination claim against the Town, Mr. Csorny cannot be held liable for aiding and abetting an alleged discrimination as the Town's agent. *See Kaufman*, 2 F. Supp. 3d at 280.

Second, Plaintiffs cannot assert causes of action against Mr. Csorny for both discrimination and for aiding and abetting that same discrimination because Mr. Csorny cannot aid and abet his own actions. *Se*e, e.g., *Hardwick*, 116 A.D.3d at 468, 983 N.Y.S.2d at 513, *Goldin*, 54 A.D.3d at 660, 864 N.Y.S.2d at 46; *Strauss*, 26 A.D.3d at 73, 805 N.Y.S.2d at 709.

Accordingly, because Plaintiffs have failed to establish any alleged housing discrimination in violation of NYSHRL Section 296(5)(a) and because Mr. Csorny cannot be liable for aiding and abetting his own conduct, the cause of action against Mr. Csorny for aiding and abetting housing discrimination should be dismissed.

## **CONCLUSION**

For the reasons stated above, defendant James Csorny respectfully request that this Court

grant his Motion in its entirety and dismiss the Plaintiffs' claims against him and for such other and further relief as is just and proper.

Dated: Lindenhurst, New York
October 23, 2017

**PATRICIA ROONEY, P.C.**

By: /s/ Patricia A. Rooney
Patricia Ann Rooney
*Counsel for Defendant James Csorny*
394 South 15 Street
Lindenhurst, New York 11757
631-592-4405
prlaw@prlaw.pro

TO: VALLI KANE & VAGNINI LLP
Matthew L. Berman, Esq.
*Attorneys for Plaintiff*
600 Old Country Road
Garden City, New York 11530
(516) 203-7180

SINNREICH KOSAKOFF & MESSINA LLP
*Attorney for Defendant Town of Riverhead*
267 Carleton Ave., Suite 320
Central Islip, New York 11722
(631) 650-1200

/Volumes/PR Law/!!PRPC/1501-01/Motions/Dismiss/2017 10 23 MOL Motion to Dismiss Final.docx