UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LUXURYBEACHFRONTGETAWAY.COM,
INC., VIRGINIA GRIECO and DEBBIE
NEIHOFF,

                              Plaintiffs,        **REPORT AND
                                                 RECOMMENDATION**
       -against-                                 17-CV-4783(SJF)(SIL)

THE TOWN OF RIVERHEAD, NEW YORK and
JAMES CZORNY,

                              Defendants.
----------------------------------------------------------------x

**STEVEN I. LOCKE, United States Magistrate Judge:**

Presently before the Court in this housing discrimination action, on referral from the Honorable Sandra J. Feuerstein for Report and Recommendation, are Defendants' the Town of Riverhead, New York ("Riverhead" or the "Town") and James Czorny ("Czorny" or the "Individual Defendant") (collectively "Defendants") respective motions to dismiss.[1]  *See* Czorny Motion to Dismiss, Docket Entry ("DE") [18]; *see also* Riverhead Motion to Dismiss, DE [21].  On July 21, 2017, Plaintiffs LuxuryBeachfrontGetaway.com, Inc., Virginia Grieco and Debbie Neihoff (collectively "Plaintiffs") commenced the instant action challenging Riverhead Town Codes §§ 263-3 and 263-4D (together the "Ordinance") and alleging violations of: (1) the Fair Housing Act, 42 U.S.C. § 3601 *et. seq.* (the "FHA"); (2) the Fifth and

---

[1] There is some dispute as to the correct spelling of Defendant Czorny's name.  *See* Defendant James Csorny's Motion to Dismiss, DE [18-3], at 1 n.1.  However, for the sake of consistency, the Court refers to the Individual Defendant as spelled in the caption.

Fourteenth Amendments of the U.S. Constitution;[2] and (3) the New York State Human Rights Law ("NYSHRL") § 290 *et. seq.* *See* Complaint ("Compl."), DE [1]. In January 2018, Defendants filed their respective motions to dismiss, *see* DE [18, 21], and Judge Feuerstein referred the motions to this Court for a Report and Recommendation as to whether they should be granted. *See* Electronic Order dated January 18, 2018. For the reasons set forth herein, the Court respectfully recommends that the motions be granted in their entirety and that the Complaint be dismissed with prejudice. Specifically, the Court recommends that Plaintiffs' claims: 1) of facial vagueness under the Fourteenth Amendment be dismissed for lack of standing; 2) of disparate treatment under the FHA and as-applied vagueness pursuant to the Fourteenth Amendment be dismissed for lack of ripeness; 3) seeking injunctive relief be dismissed under the *Younger* abstention doctrine; and 4) all be dismissed on their merits in any event. Plaintiffs' motion for leave to amend should be denied on futility grounds. Further, the Court recommends that supplemental jurisdiction over Plaintiffs' remaining state law causes of action be declined.

## I.   BACKGROUND

The following facts, set forth in the Complaint and the attached exhibits, are presumed true for purposes of Defendants' motions.

---

[2] While Plaintiffs invoke both the Fifth and Fourteenth Amendments, the Court construes the allegations as invoking only the latter as the Complaint fails to allege any federal wrongdoing. *See Sibiski v. Cuomo*, No. 08-cv-3376, 2010 WL 3984706, at *8 (E.D.N.Y. Sept. 15, 2010) (construing purported Fifth Amendment violation under the Fourteenth Amendment in the absence of any allegations of federal wrongdoing).

This lawsuit challenges the Ordinance, which prohibits residential rentals of 29 days or less and provides for monetary fines and potential imprisonment for violations thereof. *See generally* Compl. Plaintiffs Virginia Grieco and Debbie Neihoff are a same-sex married couple who reside in Riverheard, New York, and collectively own the website LuxuryBeachfrontGetaway.com ("LBG" or the "Website").[3] *See id.* ¶ 2. Defendant Czorny owns and resides in a "home" adjacent to the Individual Plaintiffs' Riverhead residence and Defendant Town of Riverhead is a Suffolk County township. *See id.* ¶ 4.

According to the Complaint, Riverhead has a long history of short-term vacation property rentals which are essential alternatives to hotels, motels and bed & breakfasts for families with children. *See id.* ¶¶ 15, 17. In 2008, Plaintiffs began renting and managing various residential houses located in Riverhead for third-party owners, as well as renting and managing two properties where Plaintiffs have a "partial ownership interest." *See id.* ¶ 13. Significantly, Plaintiffs do not allege that they reside in any of the subject properties, nor do they assert that these units are used for anything other than short-term rentals.

In 2013, the Town passed the Ordinance ostensibly to stop the practice of short-term residential rentals in Riverhead. *See id.* ¶ 28. According to Plaintiffs, the Ordinance's one-month minimum makes it "all but impossible for the vast majority of families with children to rent a residential Riverhead house" for family vacations.

---

[3] The Complaint fails to identify specifically what the website does. *See generally* Compl. However, the Complaint does set forth sufficient collective conduct so as to plausibly allege that LBG is involved in the business of providing short-term rentals in Riverhead. *See, e.g.*, ¶¶ 7, 23.

*See id.* ¶ 20.  To that end, Plaintiffs assert that the Ordinance has a disparate impact on families with children.  *See id.* ¶ 20.

On August 16, 2016, the Town commenced litigation in New York state court seeking to restrain and enjoin Plaintiffs from renting the premises at 70 Creek Road, Wading River, Riverhead, New York.[4]  *See id.* ¶ 52.  According to Plaintiffs, the Town is selectively enforcing the Ordinance against members of the lesbian, gay, bisexual and transgendered ("LGBT") community.  *See id.* ¶ 55.  As a result, Plaintiffs claim that they have suffered disparate treatment as part of an ongoing pattern of discrimination.  *See id.* ¶ 56.

Based on the above, Plaintiffs filed their Complaint seeking money damages and equitable relief for violations of:  1) the FHA under theories of disparate impact as against families with children and disparate treatment for discriminatory enforcement based on Plaintiffs' sexual orientation (First Cause of Action); 2) the Fifth and Fourteenth Amendments to the U.S. Constitution for as-applied and facial challenges under the void-for-vagueness doctrine (Second Cause of Action); 3) NYSHRL for gender and sexual orientation discrimination against the Town and Czorny (Third Cause of Action); and 4) NYSHRL against Czorny for aiding and abetting Riverhead's purportedly unlawful behavior.  *See generally* Compl.  In lieu of an answer, Defendants each moved pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1) and (b)(6) to dismiss for a lack of subject matter jurisdiction

---

[4] The Complaint fails to identify the specific court where Riverhead commenced the enforcement proceeding.  *See generally* Compl.

and for failure to state a claim.  *See* DE [18], [21].  On January 18, 2018, Judge Feuerstein referred the motions to this Court for Report and Recommendation.  *See* DE [26].

## II.  LEGAL STANDARD

### A.  Fed. R. Civ. P. 12(b)(1)

Pursuant to Article III, Section 2 of the United States Constitution, "the jurisdiction of the federal courts is limited to 'Cases' and 'Controversies,' which 'restricts the authority of the federal courts to resolving 'the legal rights of litigants in actual controversies.''" *Amityville Mobile Home Civic Ass'n v. Town of Babylon*, No. 14-CV-2369, 2015 WL 1412655, at *2 (E.D.N.Y. Mar. 26, 2015) (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 133 S. Ct. 1523, 1528 (2013)).  In the absence of a case or controversy, Fed. R. Civ. P. 12(b)(1) "provides that a party may move to dismiss a case for lack of subject matter jurisdiction." *Amityville Mobile Home*, 2015 WL 1412655, at *3.  The Second Circuit has held that, "[t]he hallmark of a case or controversy is the presence of adverse interests between parties who have a substantial personal stake in the outcome of the litigation."  *Evans v. Lynn*, 537 F.2d 571, 591 (2d Cir. 1975); *see also Ayazi v. N. Y. C. Bd. of Educ.*, No. 98-CV-7461, 2006 WL 1995134, at *2 (E.D.N.Y. July 14, 2006), *vacated on other grounds*, 315 Fed.App'x. 313 (2d Cir. 2009) ("Without standing, this court does not have jurisdiction to hear the claim.").  Therefore, to survive a defendant's motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), "a plaintiff must allege facts 'that affirmatively and plausibly suggest that it has standing to sue.'" *Brady v. Basic*

*Research*, L.L.C., 101 F. Supp. 3d 217, 227 (E.D.N.Y. 2015) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)).  In deciding a motion to dismiss for lack of subject matter jurisdiction, "a court must accept as true all material factual allegations in the complaint and refrain from drawing inferences in favor of the party contesting jurisdiction." *U.S. ex rel. Phipps v. Comprehensive Cmty. Dev. Corp.*, 152 F. Supp. 2d 443, 449 (S.D.N.Y. 2001).

In addition, for claims to be justiciable under Article III, "courts have long recognized that the controversy, as an initial matter, must be ripe." *Kittay v. Giuliani*, 112 F.Supp.2d 342, 348 (S.D.N.Y. 2000) (internal citations omitted). "'The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction.'" *N.Y. Civil Liberties Union v. Grandeau*, 528 F.3d 122, 130 (2d Cir. 2008) (quoting *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 808, 123 S.Ct. 2026, 2030 (2003)).  To that end, the constitutional component is concerned with preventing courts from constructing generalized legal rules unless the resolution of an actual dispute requires it." *Simmonds v. I.N.S.*, 326 F.3d 351, 357 (2d Cir. 2003).  Whereas the prudential limitation is designed to avoid becoming embroiled in adjudications that may later turn out to be unnecessary or may require premature examination of issues that time may make easier or less controversial.  *Id.*  "Both are concerned with whether a case has been brought prematurely, but they protect against prematureness in different ways and for different reasons." *Ellis v. Wilkinson*, 81 F. Supp. 3d 229, 237 (E.D.N.Y. 2015) (citing *Simmonds*, 326 F.3d at 357).

### B. *Younger* Abstention Doctrine

Animated by "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances," *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431, 102 S.Ct. 2515, 2521 (1982), the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746 (1971), is an exception to the general rule that federal courts must hear and decide cases within their jurisdiction. The doctrine "rests foursquare on the notion that, in the ordinary course, 'a state proceeding provides an adequate forum for the vindication of federal constitutional rights,'" and, accordingly, federal courts should generally decline to intervene in state proceedings. *Id.* To that end, the Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel v. Town Court for the Town of Springfield*, N.Y., 56 F.3d 391, 393 (2d Cir. 1995).

### C. Fed. R. Civ. P. 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). A pleading "that offers only 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

7

of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct. at 1966).

In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See LaFaro v. New York Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009).

## III. DISCUSSION

Riverhead argues that Plaintiffs' federal causes of actions are subject to dismissal for lack of subject matter jurisdiction and failure to state a claim. *See* Riverhead Memorandum of Law ("Riverhead Mem."), DE [21-2], at 7-18. Both Defendants also seek dismissal of Plaintiffs' state-law discrimination and aiding and abetting causes of action on the same grounds. *See id.* at 18-21; *see also* Czorny Memorandum of Law ("Czorny Mem."), at DE [18-3], at 5-10. Applying the standards outlined above, and for the reasons set forth herein, the Court respectfully recommends that Riverhead's motion to dismiss be granted in its entirety and that Plaintiffs' federal causes of action be dismissed with prejudice. Further, the Court recommends that supplemental jurisdiction over Plaintiffs' remaining state-law causes of action be declined. Accordingly, the Court does not address Czorny's motion on its merits, which solely argues for dismissal of those claims. Finally, Plaintiffs' motion for leave to amend should be denied.

## A. **Subject Matter Jurisdiction**

Initially, the Court addresses the issue of subject matter jurisdiction. Riverhead argues that the Court lacks subject matter jurisdiction because: (i) Plaintiffs lack standing to bring suit under the FHA and void-for-vagueness doctrine; and (ii) Plaintiffs' claims are not ripe for judicial review. The Court addresses each argument in turn.

### i. *Standing*

The Court concludes that Plaintiffs have standing under disparate impact and disparate treatment theories pursuant to the FHA. Further, Plaintiffs have standing to assert an as-applied void-for-vagueness claim but lack standing to assert a facial vagueness attack. To establish standing to sue, a plaintiff must satisfy three constitutional requirements: "(1) injury-in-fact—an injury that is 'concrete and particularized' and is 'actual or imminent, not conjectural or hypothetical'; (2) an injury that is fairly traceable to the challenged action; and (3) an injury that will likely be redressed by a favorable ruling of the court." *Berkson v. Gogo LLC*, 97 F. Supp. 3d 359, 405 (E.D.N.Y. 2015) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 2136 (1992)); *see also Ragin v. Harry Macklowe Real Estate Co.*, 6 F.3d 898, 904 (2d Cir. 1993) ("Like an individual plaintiff, an organization must show actual or threatened injury in fact that is "fairly traceable to the alleged illegal action and likely to be redressed by a favorable court decision."); *Anjum v. J.C. Penney Co., Inc.*, No. 13-CV-460, 2014 WL 5090018, at *6 (E.D.N.Y. Oct. 9, 2014) ("Standing refers to the requirement that a plaintiff in federal court suffer a non-speculative

injury-in-fact, traceable to the conduct of the defendant, and capable of redress by a favorable decision.").

"To establish injury-in-fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc. v. Robins*, 578 U.S. ___, ___, 136 S.Ct. 1540, 1548 (2016) (quoting *Lujan*, 504 U.S. at 560, 112 S.Ct. at 2136). For an injury to be "particularized," it "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1, 112 S.Ct. at 2136 n.1. "In comparison, a "concrete" injury must be '*de facto*;' that is, it must actually exist." *Spokeo*, 578 U.S. at ___, 136 S.Ct at 1548. An injury is not automatically concrete "whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at ___, 136 S.Ct at 1549. Further, statutorily-created causes of action provide relief "only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." *Bank of Am. Corp. v. City of Miami, Fla.*, 581 U. S. ___, ___, 137 S. Ct. 1296, 1302 (2017). Where, as here, a plaintiff seeks injunctive relief, he "must also prove that the identified injury in fact presents a 'real and immediate threat of repeated injury.'" *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187 (2d Cir. 2013) (quoting *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004)).

"The traceability requirement for Article III standing means that the plaintiff must demonstrate a causal nexus between the defendant's conduct and the injury," and such a relationship can either be direct or indirect. *Rothstein v. UBS AG*, 708

F.3d 82, 91 (2d Cir. 2013).  The requirement that a complaint "allege[ ] an injury" that is "'fairly traceable' to defendants' conduct . . . for [purposes of] constitutional standing" is a "lesser burden" than the requirement that it show proximate cause. *Lerner v. Fleet Bank, N.A.*, 318 F.3d 113, 122 n.8 (2d Cir. 2003).  Thus, the fact that there is an intervening cause of the plaintiff's injury may foreclose a finding of proximate cause but is not necessarily a basis for finding that the injury is not "fairly traceable" to the acts of the defendant for standing purposes.  *Rothstein*, 708 F.3d at 92.

Finally, redressability is the "non-speculative likelihood that the injury can be remedied by the requested relief." *W.R. Huff Asset Management Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106–07 (2d Cir. 2008).  "[I]t must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 561, 112 S.Ct. at 2130 (internal quotation marks omitted).  "Relief that does not remedy the injury suffered cannot bootstrap a plaintiff into federal court." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 107, 118 S.Ct. 1003, 1019 (1998).

Applying these standards, the Court addresses whether Plaintiffs have standing to assert their FHA and void-for-vagueness claims.  While neither party addresses the issue of whether LBG has standing on its own behalf, the Court notes that the Supreme Court previously considered the issue of organizational standing under the FHA and conducted an identical inquiry to that of an individual plaintiff. *See Havens Realty Corp. v. Coleman*, 455 U.S. 363, 379, 102 S. Ct. 1114, 1124 (1982);

*see also Irish Lesbian & Gay Org. v. Giuliani*, 143 F.3d 638, 649 (2d Cir. 1998) (noting that for an organization to sue for injuries sustained on its behalf, it must "meet the same standing test that applies to individuals . . . [by] show[ing] actual or threatened injury in fact that is fairly traceable to the alleged illegal action and likely to be redressed by a favorable court decision") (internal citation omitted).   Here, the Complaint alleges that Defendants' actions will collectively harm Plaintiffs' business. *See*, *e.g.*, Compl. ¶ 7.  To that end, Plaintiffs jointly plead an economic injury traceable to Defendants' conduct and seek redress in the form of monetary damages and injunctive relief.  Accordingly, the Court concludes that a specific examination of the Website's standing to sue is incorporated into this Report and Recommendation's general standing analysis.

### 1.  Fair Housing Act

Plaintiffs have standing to bring suit under the FHA.[5]  The FHA provides, *inter alia*, that it shall be unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith because of . . . familial status[ . . . ] or sex." 42 U.S.C. § 3604(b); *see also Khalil v. Farash Corp.*, 277 Fed. App'x. 81, 83 (2d Cir. 2008) (explaining that "families with children, a class protected by the statute" may state an FHA claim of discrimination, including claims based on a

---

[5] The Court notes that the Municipal Defendant does not address Plaintiffs' standing to bring a disparate treatment claim under the FHA.  However, considering the independent obligation to examine subject matter jurisdiction, the Court reviews Plaintiffs standing to assert both a disparate impact and a disparate treatment challenge. *Eric M. Berman, P.C. v. City of New York*, 796 F.3d 171, 175 (2d Cir. 2015) (noting a district court's independent obligation to examine its own jurisdiction).

hostile housing environment theory). The FHA confers standing to challenge such discriminatory practices on any "aggrieved person." 42 U.S.C. § 3613(a)(1)(A). That term is defined to include any person who: (i) claims to have been injured by a discriminatory housing practice; or (ii) believes that such person will be injured by a discriminatory housing practice that is about to occur. 42 U.S.C. § 3602(i). "This FHA definition of 'aggrieved person' extends as broadly as permitted by Article III of the Constitution." *Olsen v. Stark Homes, Inc.*, 759 F.3d 140, 158 (2d Cir. 2014).[6] To that end, under the FHA, a plaintiff need only allege "distinct and palpable injuries" to satisfy the "injury in fact" requirement. *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 375–76, 102 S.Ct. 1114, 1122–23 (1982).

An FHA violation may be established on a theory of disparate impact or disparate treatment. *See Mhany Mgmt., Inc. v. Cty. of Nassau*, 819 F.3d 581, 606 (2d Cir. 2016). As to disparate impact, a *prima facie* case requires a showing of: (i) the occurrence of certain outwardly neutral practices, and (ii) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices. *See Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.* ("ICP"), 576 U.S. ___, ___, 135 S. Ct. 2507, 2513 (2015) (recognizing that disparate impact claims may be asserted under

---

[6] The Supreme Court has repeatedly held that this definition under the FHA reflects a continued and consistent congressional intent to broadly confer standing under the statute. *Compare Bank of Am. Corp.*, 581 U. S. at ____, 137 S. Ct. at 1303 (noting the legislative history of the FHA and the Court's prior interpretation of the term "aggrieved person" to confer standing as broadly as permitted by Article III of the U.S. Constitution), *with Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 176, 131 S. Ct. 863, 869 (2011) (concluding that the term "aggrieved" must be construed more narrowly than the outer boundaries of Article III within the context of Title VII of the Civil Rights Act of 1964).

the FHA); *see also Mhany Mgmt.*, 819 F.3d at 617 (articulating the two-prong test required to bring an FHA disparate impact claim).  A plaintiff can establish a *prima facie* case of disparate treatment by demonstrating that animus against the protected group "was a significant factor in the position taken" by municipal decision-makers. *United States v. Yonkers Board of Educ.*, 837 F.2d 1181, 1226 (2d Cir. 1987), *cert. denied*, 486 U.S. 1055, 108 S.Ct. 2821 (1988).

Here, Plaintiffs have standing to assert both their disparate impact and disparate treatment claims.  The Complaint plausibly states an injury-in-fact under the FHA, namely that the Ordinance facially discriminates against families with children and is selectively enforced against the LGBT community, which causes Plaintiffs a distinct economic injury—the loss of short-term rentals.  These facts satisfy the requirement that Plaintiffs be persons who "will be injured by a discriminatory housing practice that is about to occur" so as to constitute "aggrieved persons" under the FHA. *See Winfield v. City of New York*, No. 15-cv-5236, 2016 WL 6208564, *5 (S.D.N.Y. Oct. 24, 2016).  Further, as Plaintiffs claim that Riverhead continues to enforce the Ordinance, there is an immediate threat of repeated injury establishing an injury-in-fact sufficient to seek injunctive relief. *See Kreisler*, 731 F.3d at 187.  Moreover, because the Ordinance is a product of the local legislature, Plaintiffs have pleaded that their injury is traceable to the Town's conduct.  Finally, Plaintiffs seek, among other things, injunctive and monetary relief adequately alleging redressability.  Accordingly, Plaintiffs have standing to assert both disparate impact and disparate treatment claims under the FHA.

14

2. Void-for-Vagueness

Defendants also seek dismissal of Plaintiffs' Fourteenth Amendment vagueness claim.   Here, Plaintiffs appear to allege both as-applied and facial challenges to the Ordinance under the void-for-vagueness doctrine.[7]  Only a plaintiff who has a meritorious as-applied vagueness challenge to a statute may attack its facial validity.  *See Thibodeau v. Portuondo*, 486 F.3d 61, 67-71 (2d Cir. 2007) (holding that plaintiff's as-applied vagueness challenge failed on the merits and assuming, without deciding, that plaintiff consequently lacked standing to assert a facial challenge); *see United States v. Lahey*, 967 F. Supp. 2d 731, 755 (S.D.N.Y. 2013) (finding that a plaintiff lacks standing to assert a facial challenge where the Complaint fails to allege that the subject statute as-applied to plaintiff is constitutional).  The Court therefore begins the inquiry with whether Plaintiffs have standing to challenge the Ordinance as-applied.

### a.  As-Applied Vagueness Challenge

The Court concludes that Plaintiffs have standing to assert an as-applied vagueness challenge.  The Fourteenth Amendment to the United States Constitution provides that no state shall "deprive any person of life, liberty, or property, without due process of law."  Among the most fundamental protections of the Due Process Clause is the principle that "no one may be required at peril of life, liberty or property to speculate as to the meaning of penal statutes."  *Farrell v. Burke*, 449 F.3d 470,

---

[7] The Complaint does not specifically identify whether they seek to assert an as-applied or facial challenge.  *See generally* Compl.  However, in drawing inferences in a light most favorable to Plaintiffs, the Court construes the Complaint as alleging claims under both theories.

484–85 (2d Cir. 2006) (quoting *Lanzetta v. State of N.J.*, 306 U.S. 451, 453, 59 S. Ct. 618, 619 (1939)).  To that end, "a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application violates the first essential of due process of law."  *Farrell*, 449 F.3d at 485 (citing *Connally v. Gen. Const. Co.*, 269 U.S. 385, 391, 46 S. Ct. 126, 127 (1926)).

A statute can be impermissibly vague for either of two independent reasons: (a) if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits; or (b) if it authorizes or even encourages arbitrary and discriminatory enforcement.  *See Hill v. Colorado*, 530 U.S. 703, 732, 120 S.Ct. 2480, 2498 (2000).  As set forth above, in order to establish constitutional standing, a Plaintiff must allege that he: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo*, 578 U.S. at ___, 136 S. Ct. at 1547; *see also Jones v. Schneiderman*, 101 F. Supp. 3d 283, 289 (S.D.N.Y. 2015) (applying constitutional standing requirements to an as-applied void-for-vagueness claim).

Here, Plaintiffs satisfy the injury-in-fact requirement in the form of the alleged discriminatory enforcement of the Ordinance and resulting state court proceeding. Further, as set forth above, the alleged injury is traceable back to Defendants' actions and, as Plaintiffs seek money damages and to enjoin the state court proceeding, a

favorable decision would provide adequate redress. Accordingly, Plaintiffs have standing to mount an as-applied attack on the Ordinance.

### b. *Facial Vagueness Challenge*

In contrast, the Court concludes that Plaintiffs lack standing to assert a facial vagueness challenge. Federal courts generally do not allow litigants to assert the legal rights and interests of third parties, and outside of the First Amendment context facial attacks are generally disfavored. *See*, *e.g.*, *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 450, 128 S.Ct. 1184, 1191 (2008) (recognizing that courts should "[e]xercis[e] judicial restraint in a facial challenge"); *Boelter v. Hearst Commc'ns, Inc.*, 269 F. Supp. 3d 172, 195 (S.D.N.Y. 2017) (internal citations omitted); *see also Farrell*, 449 F.3d at 494. However, in limited circumstances, a party may bring a facial vagueness challenge "to vindicate not only his own rights, but those of others who may also be adversely impacted by the statute in question." *Thibodeau v. Portuondo*, 486 F.3d 61, 71 (2d Cir. 2007) (citing *Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 143 (2d Cir. 2000) (quoting *City of Chicago v. Morales*, 527 U.S. 41, 55–56 n. 22, 119 S.Ct. 1849, 1859 (1999))).

The Supreme Court has identified "two potential standards that may govern non-First Amendment [facial] vagueness challenges." *Dickerson v. Napolitano*, 604 F.3d 732, 743 (2d Cir. 2010). Initially, "such challenges are permitted only when 'no set of circumstances exists under which the [law] would be valid.'" *Id.* (quoting *United States v. Salerno*, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100 (1987)). Moreover, a facial attack may be permissible when the statute at issue is "permeated" with vagueness, has no *mens rea* requirement and infringes on a constitutionally-protected right. *Id.*

17

at 744 (citing *Morales*, 527 U.S. at 53, 119 S.Ct. at 1857); *see also United States v. Rybicki*, 354 F.3d at 131.

Here, because neither of the above requirements are satisfied, Plaintiffs lacks standing to bring a facial challenge.  Specifically, as any rental longer than 30 days is lawful, Plaintiffs fail to plausibly allege that no set of circumstances exists under which the Ordinance would be valid.  Instead, their facial challenge is premised upon certain limited hypothetical scenarios, which acknowledge that there are circumstances where the Ordinance clearly proscribes certain specific conduct. For instance, the Complaint posits the scenario of an individual renting a property for 30 days and during the course of that rental subleases the structure to another individual for a shorter period.  *See* Compl. ¶ 73.  However, the presumed uncertainty that springs from this hypothetical is premised upon the legality of the original rental agreement thereby affirming that, in certain situations, the Ordinance is valid. Further, Plaintiffs' challenge fails to implicate a constitutionally-protected right. *See Village of Belle Terre v. Boraas*, 416 U.S. 1, 7, 94 S.Ct. 1536, 1540 (1974) (finding that a municipal zoning ordinance does not, by itself, infringe upon a fundamental constitutional right); *see also Kawaoka v. City of Arroyo Grande*, 17 F.3d 1227, 1239 (9th Cir. 1994) ("Zoning and land use issues do not implicate fundamental rights."). Accordingly, Plaintiffs lack standing to bring a facial challenge against the Ordinance.

### ii. Ripeness

The Court next concludes that although Plaintiffs have standing to bring their FHA disparate treatment and as-applied vagueness causes of action these claims are

non-justiciable under the ripeness doctrine.  As the Second Circuit has recognized, "[r]ipeness is a doctrine rooted in both Article III's case or controversy requirement and prudential limitations on the exercise of judicial authority." *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 347 (2d Cir. 2005).  The "'basic rationale [of the ripeness doctrine] is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements.'" *Id.* (quoting *Abbott Labs. v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99, 97 S. Ct. 980 (1977)).  The fitness of issues for judicial review requires "a weighing of the sensitivity of the issues presented and whether there exists a need for further factual development," whereas the hardship to the parties requires the court to "gauge the risk and severity of injury to a party that will result if the exercise of jurisdiction is declined." *Id.*

1.  <u>FHA Disparate Treatment and As-Applied Vagueness Challenge</u>

Initially, the Court concludes that Plaintiffs' FHA disparate treatment and as-applied vagueness challenges are not ripe for review.  Relevant here, the Supreme Court has created the following two-prong ripeness test for takings claims premised on municipal land use decisions:  (1) that the government entity rendered a "final decision" on the matter; and (2) that the plaintiff must have "sought compensation by means of an available state procedure." *Williamson County Regional Planning Commission v. Hamilton Bank*, 473 U.S. 172, 186-88, 105 S.Ct. 3108, 3116-18 (1985); *Rye Psychiatric Hosp. Center, Inc. v. Shalala*, 52 F.3d 1163, 1172 (2d Cir. 1995).  Courts within this Circuit have applied the final decision prong to FHA claims, *Safe*

*Harbor Retreat, LLC v. Town of E. Hampton, N.Y.,* No. 14-cv-2017, 2015 WL 918771, at *5 (E.D.N.Y. Mar. 2, 2015), *aff'd*, 629 F. App'x 63 (2d Cir. 2015) (collecting cases), and the Second Circuit has expressly stated that land-use discrimination cases are subject to this requirement. *Sunrise Detox V, LLC v. City of White Plains*, 769 F.3d 118, 123 (2d Cir. 2014).

However, claims of disparate impact, which are premised on an as-applied basis, and disparate treatment, which are based on an allegedly discriminatory animus, are treated differently for the purpose of the final decision requirement. *See Congregation Rabbinical Coll. of Tartikov, Inc. v. Vill. of Pomona*, 915 F. Supp. 2d 574, 610 (S.D.N.Y. 2013) (explaining as-applied and facial claims in the context of the FHA). Specifically, where a plaintiff mounts an as-applied challenge to the enforcement of a land-use or zoning statute or regulation, such as Plaintiffs' FHA disparate treatment and as-applied vagueness claims, a final decision adverse to the property holder is generally required for a claim to be ripe. *See Williamson*, 473 U.S. at 187, 105 S.Ct. at 3116; *see also Congregation Rabbinical Coll. of Tartikov, Inc*, 915 F. Supp. 2d at 610 (collecting cases). However, the Second Circuit has stated that the final-decision requirement does not apply if the plaintiff "can show that he suffered some injury independent of the challenged land-use decision" such as where the plaintiff challenges "a zoning policy that is discriminatory on its face" or "the manipulation of a zoning process out of discriminatory animus to avoid a final decision." *Sunrise*, 769 F.3d at 123.

Here, Plaintiffs FHA disparate treatment claim and vagueness challenge are subject to the final-decision requirement and, as a result, are not ripe for adjudication.   Initially, Plaintiffs concede that no final decision has occurred regarding the underlying state-court enforcement proceeding.   Further, as to possible exceptions for the final-decision, Plaintiffs admit that the Ordinance is facially neutral, and the Complaint is devoid of allegations of manipulation of the enforcement proceedings as to avoid a final decision.   *See generally* Compl.; *see also* Pls' Opp. at 1 ("Plaintiffs challenge a facially neutral ordinance, codified as Riverhead Town Code[s] §§263-3 and 263-4D . . . . ").   Accordingly, Plaintiffs' FHA disparate treatment and as-applied vagueness causes of action are non-justiciable for lack of ripeness, and the Court recommends dismissal as to those claims on this basis.

### 2.  FHA Disparate Impact and Facial Vagueness Challenge

In contrast, Plaintiffs' FHA disparate impact and facial vagueness challenges are not barred by the ripeness doctrine.   "[F]acial challenges to regulation[s] are generally ripe the moment the challenged regulation or ordinance is passed." *Suitum v. Tahoe Reg'l Planning Agency*, 520 U.S. 725, 736 n.10, 117 S. Ct. 1659, 1666 (1997); *see also MacDonald v. Safir*, 206 F.3d 183, 189 (2d Cir. 2000) ("[T]here is no need for a party actually to apply or to request a permit in order to bring a facial challenge to an ordinance (or parts of it) . . . . "); *Charette v. Town of Oyster Bay*, 159 F.3d 749, 757 (2d Cir. 1998) ("[Making] no effort to apply for a permit . . . does not, of course, deprive [plaintiff] of standing to assert that the [zoning ordinance] is facially invalid . . . . "). Here, Plaintiffs' FHA disparate impact and the facial vagueness claims directly attack the Ordinance—as opposed to its enforcement—and therefore are not subject

21

to the final-decision requirement.  Accordingly, the Court concludes that, although Plaintiffs' lack standing to bring a facial vagueness claim, both Plaintiffs' FHA disparate impact and facial vagueness challenges are otherwise ripe for review.

## B. *Younger* Abstention Doctrine

Moving to Plaintiffs' request to enjoin the state court proceeding under the FHA, the Court concludes that such relief is barred under the *Younger* abstention doctrine. [8]  In *Younger*, the Supreme Court held that federal courts should abstain from granting injunctive relief against a state criminal prosecution instituted in good faith unless certain exceptions are met.  401 U.S. at 43–44, 91 S. Ct. at 750.  "*Younger* is not a jurisdictional bar based on Article III requirements, but instead a prudential limitation on the court's exercise of jurisdiction grounded in equitable considerations of comity." *Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003) (internal citations omitted).  In *Sprint Comm'ns, Inc. v. Jacobs*, 571 U.S. 69, 73, 134 S. Ct. 584, 588 (2013), the Supreme Court held that the *Younger* abstention doctrine applies only to three classes of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings; and (3) civil proceedings that "implicate a State's interest in enforcing the orders and judgments of its courts."  Notably, in the "interests of comity and federalism," the *Younger*

---

[8] The Complaint directly seeks to enjoin Defendants under the FHA, which the Court construes as a request for relief under Plaintiffs' disparate treatment claim.  *See* Compl., Request for Relief. The Complaint also includes a general request for injunctive relief under unspecified statutory or constitutional grounds.  *See id.*  To the extent that the Complaint seeks equitable relief outside of the FHA, the Court finds that the request is similarly barred by the *Younger* doctrine.  *See Diamond "D" Const. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002) (reaffirming the *Younger* abstention doctrine in the context of constitutional claims).

22

abstention doctrine requires federal courts to abstain "whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237–38, 104 S. Ct. 2321, 2327–28 (1984).  The Second Circuit has held that "*Younger* abstention is appropriate when: 1) there is an ongoing state proceeding; 2) an important state interest is implicated; and 3) the plaintiff has an avenue open for review of constitutional claims in the state court." *Hansel*, 56 F.3d at 393.  Exceptions to *Younger* abstention should be made only on a "showing of bad faith, harassment, or . . . other unusual circumstance." *Younger*, 401 U.S. at 54, 91 S. Ct. at 755.

All three *Younger* requirements are met here.  The civil enforcement action against Plaintiffs is currently pending in state court, those proceedings involve the Town's important interest in enforcing its local housing codes, and there is no indication that Plaintiffs are precluded from raising all of their claims—state, federal, and constitutional—under the state court's general and concurrent jurisdiction. *See Spargo v. New York State Comm'n on Judicial Conduct*, 351 F.3d 65, 77 (2d Cir. 2003) ("[I]n conducting the *Younger* inquiry, considerations of comity 'preclude[ ] any presumption that the state courts will not safeguard federal constitutional rights.'").  Accordingly, the Court recommends dismissing Plaintiff's injunctive relief claims under the FHA pursuant to the *Younger* doctrine.

### C. **Failure to State a Claim**

In addition to the preceding, Riverhead argues for dismissal of Plaintiffs' FHA and vagueness causes of action on their merits. The Court again considers each argument in turn.

### i. *FHA*

Riverhead argues that Plaintiffs do not state a claim under the FHA because they fail to plausibly allege: (i) that the luxury rentals at issue are "dwellings" as within the meaning of the FHA; and (ii) that the Complaint fails to plausibly allege a disparate impact claim.[9] For the reasons set forth below, the Court agrees.

### 1. Dwelling as within the meaning of the FHA

Initially, the Court concludes that the FHA claims fail on their merits because the rentals at issue are not "dwellings" as within the meaning of the statute. The FHA defines a "dwelling" as:

> Any building, structure, or portion thereof which is occupied as, or designed or intended for occupancy as, a residence by one or more families, and any vacant land which is offered for sale or lease for the construction or location thereon of any such building, structure, or portion thereof.

---

[9] While not addressed by Defendants, the Court notes that Plaintiffs' FHA disparate treatment claim, which is based on sexual orientation discrimination has been held to be outside the purview of the FHA and therefore fails on its merits. *See Miller v. 270 Empire Realty LLC*, No. 09-cv-2857, 2012 WL 1933798, at *5 (E.D.N.Y. Apr. 6, 2012), *Report and Recommendation adopted*, No. 09-cv-2857, 2012 WL 1940829 (E.D.N.Y. May 29, 2012). However, the Court notes that the Second Circuit has not addressed what impact, if any, its decision in *Zarda v. Altitude Express, Inc.*, which held that Title VII applied to claims of sexual orientation discrimination as a form of sex discrimination, has on an analysis under the FHA. *See* 883 F.3d 100 (2d Cir. 2018). In any event, the Court need not address this issue as the Court recommends dismissal on other grounds.

42 U.S.C.§ 3602(b).  While the FHA does not define the term "residence," courts have found that, for purposes of the FHA, a dwelling includes a "'temporary or permanent dwelling place, abode or habitation to which one intends to return as distinguished from the place of temporary sojourn or transient visit.'"  *Jenkins v. N.Y.C. Dep't of Homeless Servs.*, 643 F.Supp.2d 507, 518 (S.D.N.Y. 2009), *aff'd on other grounds*, 391 F. App'x 81 (2d Cir. 2010) (quoting *United States v. Hughes Memorial Home*, 396 F.Supp. 544, 548–9 (W.D.Va.1975)).  Further, the term "dwelling" under the FHA does not encompass lodgings for transient guests, such as hotels or motels. *Connecticut Hosp. v. City of New London*, 129 F. Supp. 2d 123, 134 (D. Conn. 2001)(collecting cases); *see also The Tara Circle, Inc. v. Bifano*, 1997 WL 399683, * 16 (S.D.N.Y. 1997) (finding that the accommodation at issue was not a "dwelling" under the FHA because the intended users were "more like a transient guest" than a long-term resident).  Courts within this Circuit have also utilized the following two-part test in evaluating whether a building qualifies as a dwelling:  (i) whether the structure is intended or designed for occupants who intend to remain for any significant period of time; and (ii) whether those occupants would view the structure as a place to return to during that period.  *Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 523 (S.D.N.Y. 2015) (citing *Lakeside Resort Enterprises, LP v. Board of Sup'rs of Palmyra Tp.*, 455 F.3d 154, 158 (3d Cir. 2006) (internal quotations omitted).

Applying the standards set forth above, the Court concludes that the Complaint fails to plausibly allege that the properties at issue are dwellings as within the meaning of the FHA.  Significantly, the Complaint fails to allege that either

25

Plaintiffs or their potential guests "intend[ed] to remain in the [subject properties] for any significant period of time" or would otherwise consider it a residence for themselves.[10]   Indeed, the Town Code explicitly applies to rentals of 29 days or less. Accordingly, and as set forth in the Complaint, the admitted use for the subject properties are to provide lodging for transient guests in a manner similar to that of hotels and motels, which do not qualify as dwellings under the FHA.  As a result, the Court recommends that the Complaint's FHA claims be dismissed on their merits for failure to allege that the subject properties were dwellings as within the meaning of the statute.

### 2. Disparate Impact

Similarly, the Court concludes that Plaintiffs' disparate impact claim is untenable for a separate reason, namely the failure to allege facts sufficient to state a plausible claim.  As set forth above, a *prima facie* case of disparate impact requires a showing of:  (i) the occurrence of certain outwardly neutral practices, and (ii) a significantly adverse or disproportionate impact on persons of a particular type produced by the defendant's facially neutral acts or practices.  *See Mhany Mgmt., Inc.*, 819 F.3d at 617.  Significantly, "[a] plaintiff who fails to allege facts at the pleading stage or produce statistical information demonstrating a casual connection

---

[10] While Plaintiffs argue in opposition that the subject premises were used as residences by Plaintiffs and their respective guests and tenants, the Complaint is silent as to those assertions. *Compare* Plaintiffs' Memorandum in Opposition ("Pls.' Opp."), DE [19] at 17 (citing Compl. ¶¶ 13-14, 59, 99 as examples of allegations of residence), *with* Compl. ¶¶ 13-14, 59, 99 (setting forth various assertions but not directly addressing the issue of residence).

cannot make out a prima facie case of disparate impact." *See ICP*, 576 U.S. at ___, 135 S. Ct. at 2523.

Here, the Complaint fails to plausibly assert a disparate impact claim. Specifically, Plaintiffs assert that the [t]he one-month minimum imposed by the [Ordinance] makes it all but impossible for the vast majority of families with children to rent a residential Riverhead house in order to enjoy a family vacation." Compl. ¶ 35. However, the Complaint is devoid of factual allegations or statistical evidence to support these conclusory assertions. In opposition to the instant motion, Plaintiffs cite statistical information on Riverhead's racial demographics but fail to link this purported segregation to a disparate impact on the asserted protected class—families with children. *See* Pls.' Opp. at 17-18. Therefore, Plaintiffs bare conclusions are insufficient to plausibly allege a disparate impact claim under the FHA and that cause of action should be again be dismissed.

### ii. Void-for-Vagueness

For the reasons set forth below, Plaintiffs' as-applied and facial challenges under the void-for-vagueness doctrine also fail to state claims on their merits.

### 1. As-Applied Challenge

Turning to Plaintiffs' as-applied challenge, and as set forth above, courts use a two-part test to determine whether a statute is unconstitutionally vague in this context: "a court must first determine whether the statute gives the person of ordinary intelligence a reasonable opportunity to know what is prohibited and then consider whether the law provides explicit standards for those who apply it." *United States v. Nadi*, 996 F.2d 548, 550 (2d Cir. 1993), *cert. denied*, 510 U.S. 933, 114 S.Ct.

347 (1993) (internal quotations, citations, and alteration omitted). "The relevant inquiry is 'whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices.'" *VIP of Berlin, LLC v. Town of Berlin*, 593 F.3d 179, 187 (2d Cir. 2010) (citing *Rubin v. Garvin*, 544 F.3d 461, 467 (2d Cir. 2008)). "Because the statute is judged on an as-applied basis, one whose conduct is clearly proscribed by the statute cannot successfully challenge it for vagueness." *Nadi*, 996 F.2d at 550. Here, Plaintiffs' as-applied challenge fails because the Complaint is devoid of any facts regarding the specific conduct that Plaintiffs engaged in. Specifically, the Complaint posits several possible scenarios, such as the sublease hypothetical described above, but fails to set forth any ambiguity arising from Riverhead's state court enforcement action as-applied against Plaintiffs. Accordingly, Plaintiffs' as-applied vagueness challenge fails on its merits.

## 2. Facial Challenge

Finally, Plaintiffs' facial vagueness challenge is similarly flawed. Speculation about possible vagueness in hypothetical situations not before the court will not support a facial attack on a statute when it is valid "in the vast majority of its intended applications." *Hill*, 530 U.S. at 733, 120 S.Ct. at 2498. Here, Plaintiffs argue that in certain hypothetical situations, there is some confusion as to what the Ordinance prohibits. *See* Pls.' Opp. at 19-21. While the Court disagrees with this argument, Plaintiffs implicitly acknowledge that, in most situations, the Ordinance is clear as to what is prohibited—rentals of properties for 29 days or less. Therefore, Plaintiffs cannot plausibly assert that the vast majority of the intended applications

of the Ordinance are vague and the Court recommends dismissal on this alternate basis.  Accordingly, the Court recommends that Plaintiffs' federal causes of action be dismissed in their entirety on their merits.

### D. <u>Supplemental Jurisdiction Over State-Law Claims</u>

Having recommended that each of Plaintiff's federal claims be dismissed, the Court further recommends that supplemental jurisdiction not be exercised over their remaining state law causes of action.  *See Quiroz v. U.S. Bank Nat'l Ass'n*, No. 10-CV-2485, 2011 WL 2471733, at *8 (E.D.N.Y. May 16, 2011) (recommending that the district court decline to exercise supplemental jurisdiction) (Report and Recommendation), *adopted by*, 2011 WL 3471497 (E.D.N.Y. Aug. 5, 2011).  Supplemental jurisdiction over Plaintiffs' state law claims is governed by 28 U.S.C. § 1367, which provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . . "  28 U.S.C. § 1367(a).  When a district court dismisses, pursuant to Rule 12(b)(6), claims over which it properly has original subject matter jurisdiction, the district court may still, under § 1367(c), exercise its discretion to retain supplemental jurisdiction over related state-law claims."  *Cohen v. Postal Holdings, LLC*, 873 F.3d 394, 399 (2d Cir. 2017).  "In providing that a district court 'may' decline to exercise such jurisdiction, this subsection is permissive rather than mandatory."  *Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003).  Here, as the Court recommends

dismissal of Plaintiffs' FHA disparate impact claim solely for failure to state a claim rather than for a lack of subject matter jurisdiction, the Court retains its discretion to exercise supplemental jurisdiction over Plaintiffs' state-law claims. *See Cohen, LLC*, 873 F.3d at 399. Nevertheless, when such a circumstance arises prior to the commencement of trial, Second Circuit precedent consistently recognizes that, "the balance of factors to be considered," which includes "judicial economy, convenience, fairness and comity," "will point toward declining to exercise jurisdiction over the remaining state law claims." *Id.*

Defendants filed their respective motions to dismiss the Complaint in lieu of an answer. *See* DE [18], [21]. Thus, this litigation is still in its initial stages and no discovery has taken place. Accordingly, the Court respectfully recommends that the Defendants' motions to dismiss be granted and the District Court decline to exercise supplemental jurisdiction over Plaintiffs' state law causes of action. *See Quiroz*, 2011 WL 2471733, at *8 (recommending that the district court decline to exercise supplemental jurisdiction over state law claim once federal claims were dismissed).

### E. **Leave to File an Amended Complaint**

Finally, Plaintiffs seek leave to amend their Complaint if Defendants' motions are granted. While leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). "[A] district court may deny leave to amend when [ . . . ]

amendment would be futile because the problem with the claim 'is substantive ... [and] better pleading will not cure it.'" *Reynolds v. City of Mount Vernon*, 14-CV-1481, 2015 WL 1514894, at *5 (S.D.N.Y. Apr. 1, 2015) (quoting *Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000)).  Here, the Court recommends dismissal of Plaintiffs' federal causes of action for lack of subject matter jurisdiction and on their merits, and concludes that the problems with those claims are so substantive such that better pleading will not cure their deficiencies.  Accordingly, the Court recommends that Plaintiffs be denied leave to file an amended complaint.

**IV.   CONCLUSION**

For the reasons set forth herein, the Court respectfully recommends that the motions be granted in their entirety and that all of Plaintiffs' federal causes of action be dismissed with prejudice.  Specifically, the Court recommends that Plaintiffs' claims:  1) of facial vagueness be dismissed for lack of standing; 2) of disparate treatment under the FHA and as-applied vagueness be dismissed for lack of ripeness; and 3) seeking injunctive relief be dismissed under the *Younger* doctrine.  Further, the Court recommends that all of Plaintiffs' federal claims be dismissed on their merits.  Finally, the Court recommends that supplemental jurisdiction be declined over Plaintiffs' remaining state law causes of action and Plaintiffs' motion for leave to amend be denied.

**V.   OBJECTIONS**

A copy of this Report and Recommendation is being served on all parties by electronic filing on the date below.   Any objections to this Report and

31

Recommendation must be filed with the Clerk of the Court within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
    June 25, 2018                                    /s/ Steven I. Locke
                                                     STEVEN I. LOCKE
                                                     United States Magistrate Judge