FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 27 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LUXURYBEACHFRONTGETAWAY.COM, INC.,
VIRGINIA GRIECO and DEBBIE NEIHOFF,

           Plaintiffs,

    -against-                                  17-CV-4783 (SJF)(SIL)

THE TOWN OF RIVERHEAD, NEW YORK and      **ORDER**
JAMES CZORNY,

           Defendants.
------------------------------------------------------------------X
FEUERSTEIN, District Judge:

Pending before the Court are the objections of plaintiffs LuxuryBeachfrontGetaway.Com, Inc., Virginia Grieco and Debbie Neihoff (collectively, "plaintiffs") to so much of the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated June 25, 2018 ("the Report"), as: (i) recommends that their disparate treatment claim under the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, and their Fourteenth Amendment as-applied vagueness claim be dismissed with prejudice; and (ii) finds (a) that the subject rental properties are not "dwellings" within the meaning of the FHA and (b) that any amendment to the complaint to replead their FHA disparate impact claim would be futile. For the reasons set forth herein, so much of Magistrate Judge Locke's Report as recommends that plaintiffs' Fourteenth Amendment void-for-vagueness claims be dismissed on the merits with prejudice is rejected and the Report is otherwise accepted in its entirety.

1

I.     Standard of Review

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  However, to accept the report and recommendation of a magistrate judge to which no specific, timely objection has been made, the district judge need only be satisfied that there is no clear error apparent on the face of the record.  *See* Fed. R. Civ. P. 72(b); *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000) (a court may review a report to which no timely objection has been interposed to determine whether the magistrate judge committed "plain error.")

Whether or not proper objections have been filed, the district judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

II.    Plaintiffs' Objections

Plaintiffs contend, *inter alia*, that Magistrate Judge Locke erred: (i) in finding that the subject properties were not "dwellings" within the meaning of the FHA; (ii) in finding that any amendment to the complaint to re-plead their FHA disparate impact claim would be futile because they "can add more statistical support for their disparate impact theory of liability under the FHA[,]" (Plf. Obj. at 5); and (iii) in recommending that their FHA disparate treatment and Fourteenth Amendment as-applied vagueness claims be dismissed with prejudice, since he

2

determined that those claims were not ripe for judicial review.[1]

A. The FHA Claims

Plaintiffs' unsupported contention, *inter alia*, that Magistrate Judge Locke "failed to make the reasonable inference in favor of Plaintiffs that 'residential houses' are designed and/or intended for long term use as residences, and thus clearly fall under the FHA's definition of dwelling[,]" (Plf. Obj. at 4), is without merit. "[I]n determining whether a particular building is a dwelling or residence, the focus is on whether the individuals that are subject to discrimination use or intend to use the building as a dwelling or residence." *Germain v. M & T Bank Corp.*, 111 F. Supp. 3d 506, 523 (S.D.N.Y. 2015) (citing cases); *see also Home Quest Mortg. LLC v. American Family Mut. Ins. Co.*, 340 F. Supp. 2d 1177, 1185 (D. Kan. 2004) (holding that "a person who owns residential property that constitutes a 'dwelling' under the FHA, but who owns that property as a commercial venture and does not reside or intend to reside [there]in," can assert an FHA claim with respect to that property "only if the property owner is asserting that the defendant engaged in unlawful discrimination against a person or class of persons who reside or would reside in the dwelling absent the unlawful discrimination.") "In other words, the determination of whether a particular building is a dwelling or residence within the meaning of the FHA does not turn on fixed classifications of the building– e.g., a homeless shelter is or is not a residence, or a dormitory is or is not a residence– but instead courts analyze the function of a

---

[1] Plaintiffs challenge only Magistrate Judge Locke's recommendation that their FHA disparate treatment and Fourteenth Amendment as-applied vagueness claims be dismissed with prejudice; they do not assign any error to his conclusion that those claims are not ripe for judicial review. Accordingly, the Court reviews the branch of the Report finding that those claims are not ripe for judicial review only for clear error.

specific building for a particular plaintiff alleging discrimination under the Act." *Germain*, 111 F. Supp. 3d at 523. Thus, although plaintiffs identify the subject properties as "residential houses," (Compl., ¶ 13), since the function of the subject properties was commercial, (*see id.*, ¶ 21), and neither plaintiffs nor their potential guests used or intended to use the properties as a residence, Magistrate Judge Locke correctly concluded that the subject properties are not "dwellings" within the meaning of the FHA. Accordingly, upon *de novo* review of the Report, the pleadings and all motion papers, and consideration of plaintiffs' objections to the Report and the response of defendant Town of Riverhead ("Riverhead") thereto, so much of the Report as finds that the subject properties do not constitute "dwellings" within the meaning of the FHA is accepted in its entirety. Thus, for the reasons set forth herein and in the Report, plaintiffs' FHA claims are dismissed in their entirety with prejudice.

B. Futility of Amendment

Plaintiffs' objection, in essence, to Magistrate Judge Locke's finding that any amendment to the complaint to re-plead their FHA disparate impact claim would be futile ignores the fact that Magistrate Judge Locke correctly found, as set forth above, that the FHA claims fail because the subject properties do not constitute "dwellings" within the meaning of that statute. Although Magistrate Judge Locke also concluded that plaintiffs' "disparate impact claim is untenable for a separate reason," *i.e.*, plaintiffs' failure to allege facts or to produce statistical information demonstrating a causal connection between the challenged ordinance and the disparate impact upon families with children, (Report at 26-27), affording plaintiffs "an opportunity to cure the pleading by supplementing their allegations with additional statistical information concerning the

4

causal connection," (Plf. Obj. at 6), would not cure that other, more substantive, pleading deficiency with respect to that claim. Accordingly, upon *de novo* review of the Report, the pleadings and all motion papers, and consideration of plaintiffs' objections to the Report and Riverhead's response thereto, so much of the Report as finds that any amendment to the complaint to re-plead plaintiffs' FHA disparate impact claim would be futile is accepted in its entirety. Thus, for the reasons set forth in the Report, plaintiffs' motion for leave to amend their complaint is denied.

C. Dismissal with Prejudice

Although, without subject matter jurisdiction, a federal court "lacks the power to adjudicate the merits of the case or dismiss a case with prejudice[,]" *John v. Whole Foods Market Grp., Inc.*, 858 F.3d 732, 735 (2d Cir. 2017) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54 (2d Cir. 2016)); *see also Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist"), this Court is not entirely without subject matter jurisdiction in this case, *i.e.*, subject matter jurisdiction exists with respect to plaintiffs' FHA disparate impact claim. Magistrate Judge Locke's conclusion that the subject properties do not constitute "dwellings" within the meaning of the FHA applies as equally to plaintiffs' disparate treatment claim as it does to their disparate impact claim, over which this Court has subject matter jurisdiction. Accordingly, Magistrate Judge Locke did not err in dismissing plaintiffs' FHA disparate treatment claim with prejudice, since even if that claim becomes ripe for adjudication, it would fail on the merits for the same reason their FHA disparate

5

impact claim fails, *i.e.*, because the subject properties are not "dwellings" within the meaning of the FHA.

However, since Magistrate Judge Locke correctly concluded that plaintiffs lack standing to assert a Fourteenth Amendment facial vagueness challenge and that plaintiffs' as-applied vagueness challenge was not ripe for judicial review, this Court is without jurisdiction to adjudicate the merits of those claims. Accordingly, upon *de novo* review of the Report, the pleadings and all motion papers, and consideration of plaintiffs' objections to the Report and Riverhead's response thereto, so much of the Report as recommends that plaintiffs' Fourteenth Amendment void-for-vagueness claims be dismissed on the merits with prejudice is rejected. Nonetheless, for the reasons set forth in the Report, the branches of Riverhead's motion seeking dismissal of plaintiffs' Fourteenth Amendment void-for-vagueness claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure are granted and plaintiffs' Fourteenth Amendment void-for-vagueness claims are dismissed in their entirety without prejudice for lack of subject matter jurisdiction.

III.    Remainder of Report

There being no clear error on the face of the Report with respect to any of Magistrate Judge Locke's findings, conclusions and recommendations to which no objections have been made, the Court accepts those findings, conclusions and recommendations in their entirety.

IV.    Conclusion

For the reasons set forth above and in the Report, (i) Riverhead's motion seeking

6

dismissal of plaintiffs' claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure is granted to the extent that plaintiffs' void-for-vagueness claims are dismissed in their entirety without prejudice and plaintiffs' FHA claims are dismissed in their entirety with prejudice; (ii) plaintiffs' motion for leave to file an amended complaint is denied; and (iii) plaintiffs' state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Pursuant to 28 U.S.C. § 1367(d), the statute of limitations for any state law claims timely filed in this Court is tolled for a period of **thirty (30) days after the date of this order** unless a longer tolling period is otherwise provided under state law. The Clerk of the Court shall enter judgment in accordance with this order and close this case.

SO ORDERED.

/s/
Sandra J. Feuerstein
United States District Judge

Dated: July 27, 2018
      Central Islip, New York